UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Larry Smith and
Laurie Smith,

                                                 chapter 12

      Debtors.                                         Case 19-41842

_____

AFFIDAVIT

_____

      1.      Larry Smith and Laurie Smith, debtors herein, state the following, under penalty of perjury, in support of confirmation of the chapter 12 plan of reorganization filed on January 30, 2020.

      2.      Pursuant to Local Rule 3015-3(b), we request that that our Chapter 12 plan be confirmed by default without additional testimony.

      3.      We were engaged in a farming operation as of the date of the filing of this chapter 12 case and remain engaged in a farming operation.  Our aggregate debts do not exceed $10,000,000. Not less than 50 percent of our aggregate noncontingent, liquidated debts arise out of the farming operation we own and operate.

      4.      We received more than 50 percent of our gross income from our farming operation in the taxable year preceding the year in which this case was filed.

      5.      Based on advice of counsel, we believe the plan complies with the provisions of chapter 12 and with all other applicable provisions of Title 11.

      6.      We have paid all fees required under 28 U.S. Code § 1930 and all other fees, charges, or amounts required under the terms of the plan.

      7.      We have proposed the plan in good faith and not by any means forbidden by law.

      8.      The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the bankruptcy estate were liquidated under chapter 7 of this title on such date.

9. With respect to each allowed secured claim provided for by the plan, (1) the holder of such claim has accepted the plan; (2) the plan provides that the holder of such claim retain the lien securing such claim and the value, as of the effective date of the plan, of property to be distributed by the trustee or the debtor under the plan on account of such claim is not less than the allowed amount of such claim; or (3) we have provided for the surrender of the property securing such claim to such holder.

10. We believe our annual income is sufficiently stable and regular to enable us to make all payments due under the plan and comply with the terms of the plan.

11. We did not owe any domestic support obligatons as of the date of filing and do not owe any currently.

12. Our plan commits all of our disposable income received during the term of the plan towards payments under the plan.

13. Our plan provides for the for the submission of our future earnings and income to the supervision and control of the trustee in the amounts necessary for the execution of the plan.

14. Our plan provides for the full payment of all claims entitled to priority under 11 U.S.C. § 507.

15. The plan term is three years.

Further your affiants sayeth naught.

I declare under penalty of perjury that everything I have stated in this document is true and correct.

_Larry Smith_
Larry Smith

_Laurie Smith_
Lauri Smith.

signed in Wright County, Minnesota